IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MICHAEL PITTMAN,

    Plaintiff,

v.                                                                No. 1:16-cv-01170-JDB-cgc

MONTE BELEW, CAPTAIN PAGE,
SOPHIA HOKEM, MEDICAL, and
HENRY COUNTY FACILITY,

    Defendants.

_____

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
_____

On June 21, 2016, when Plaintiff, Michael Pittman, filed his *pro se* complaint in this action, he was incarcerated at the Henry County Jail in Paris, Tennessee. (Case Number ("No.") 1:16-cv-01170-JDB-cgc, Docket Entry ("D.E.") 1.)[1] Since then, other cases filed by Pittman in this district have been screened and judgements entered.[2] On November 10, 2016, in *Pittman v. Cox*, copies of the screening order dismissing Pittman's complaint and judgment were both returned as undeliverable by the Henry County Jail, with the mailing envelopes

---

[1] Hereinafter, citations to documents filed in No. 1:16-cv-01170-JDB-cgc will not contain the case number, and citations to other dockets will contain their corresponding case numbers.

[2] On July 15, 2016, Pittman was granted leave to proceed *in forma pauperis* in the present action. (D.E. 5.) Afterward, four other cases also filed by Plaintiff in this district were dismissed "as frivolous or for failure to state a claim," pursuant to 28 U.S.C. § 1915(g). (*Pittman v. Henry Cty.*, No. 1:15-cv-02705-JDT-cgc, D.E. 12 at PageID 56-57 & n.3 (W.D. Tenn. Jan. 10, 2018).) Thus, the inmate is "barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury." (*Id.*, D.E. 12 at PageID 56.) Because judgments in those four separate cases were entered after Pittman was granted pauper status in this case, he is not barred under 28 U.S.C. § 1915(h) from having this matter fully litigated. (*Id.*, D.E. 12 at PageID 56 & n.3.)

bearing identical "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD" labels and "RETURN TO SENDER" stamps beside handwritten "RTS Not Here" notes. (No. 1:15-cv-01290-JDT-egb, D.E. 11 (W.D. Tenn. Nov. 10, 2016).) Similarly, on the same day in two other cases both filed by Pittman against Henry County, copies of several more court orders were also returned by the Henry County Jail as undeliverable, with the same markings on the returned envelopes. (No. 1:15-cv-01284-JDT-egb, D.E. 12 (W.D. Tenn. Nov. 10, 2016); No. 1:15-cv-01262-JDT-egb, D.E. 16 (W.D. Tenn. Nov. 10, 2016).) Most recently, in February and March 2018, mail was returned again in a fourth case filed by Pittman against Henry County. (No. 1:15-cv-02705-JDT-cgc, D.E. 15 (W.D. Tenn. Mar. 8, 2018); *id.*, D.E. 14 (W.D. Tenn. Feb. 12, 2018).) Thus, it appears that Pittman has either been released or transferred from the Henry County Jail.

The most basic responsibility of a litigant is to keep the Court advised of his whereabouts. Therefore, because Plaintiff appears to no longer be at the Henry County Jail and because he has failed to notify the Court of his new address, he is hereby ORDERED to show cause, within twenty-one days from the date of this order, why this case should not be dismissed for failure "to prosecute or to comply with the[] [Federal] [R]ules [of Civil Procedure] or a court order." Fed. R. Civ. P. 41. Failure to respond to this order in a timely manner or to show sufficient cause will result in the dismissal of this case without further notice, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED this 11th day of April 2018.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE